Good afternoon. Good afternoon, Judge Rovner. Can you hear me perfectly? Good afternoon, Judge Seitz and Judge Kirsch. Good afternoon. All right, our case for argument this afternoon is Agofsky v. Merendino. Mr. Welch. Good afternoon. May it please the court. Sam Welch on behalf of the petitioner and the appellant Shannon Agofsky. The government secured Mr. Agofsky's death sentence in part by relying on an invalid conviction, and today it seeks to prevent him from challenging that conviction. There are three parts to Mr. Agofsky's argument. The first two are that 2255E does not apply to his petition, and the third is that his underlying 924C conviction is invalid under Borden. He needs either of his first two arguments and his third to secure relief. His first argument, which presents the threshold jurisdictional question here on appeal, is that 2255E does not apply to his petition because the government waived or forfeited it. The government's argument in response is an unusual one. It admits that several grants of jurisdiction apply, but asks the court to find that 2255E rescinds all of them, not by its text, not by sweeping reference to other laws, but by silent implication. Supreme Court precedent prohibits that interpretation. For more than 100 years, the Supreme Court has held that when statutes clearly define the jurisdiction of the courts, their force and effect should not be disturbed by mere implication. In order to strip a federal court of jurisdiction, Congress must not only pass a jurisdictional statute, it must pass a jurisdictional statute that makes the intent to repeal the earlier grant clear and manifest. And a majority of the circuits treat the statute as jurisdictional. That is true. So you're asking us to adhere to outlier precedent in this circuit, rather than reconsider it because we are an outlier in that regard. Yes, but I think at this point, eight times, this court has issued rulings that either reach this issue and reject that interpretation, or issue holdings that were inconsistent with an understanding of that objection, including, and I would refer the court to the panel's opinion in Webster v. Carraway, before that opinion was vacated on appeal, but it reached an issue, a different issue that wasn't reached in Webster v. Daniels, which was this precise question. Ten years on after Harris, the government asked this court to reconsider its position on 2255E. The government put forth Williams v. Warden, an 11th Circuit case that advances many of the same arguments that the other circuits have now adhered to, and this court said, we hear those, we see them, and we do not find them persuasive. There was a lot going on in Webster, and the main event was the validity of the Davenport mechanism, which has now been abrogated. So, they're really, and once the Enfront Court flipped the result, there really wasn't a reason to consider that argument. Perhaps, but I think the rationale in Webster v. Carraway continues. It's as true as it was back then, as it is today. 2255E, being a jurisdictional statute, has not been abrogated. I would also consider that I believe in none of the other appellate court cases, with one potential rather unclear exception, has the government admitted that a different statute granted subject matter jurisdiction, and that is a significant admission, because it means that the government's only path to 2255E being jurisdictional is that it is a jurisdiction-stripping provision. I think we have to acknowledge that the Supreme Court's instructions on how to evaluate statutory requirements as jurisdictional or non-jurisdictional has been kind of a moving target and has evolved over the last 15 or 20 years, and so we've got a lot of cases that help either side here. So, it may make sense to do a reset and just put all the precedent aside and argue the straight-up jurisdictional question. Miss, I'd like to start you with this, please. Let's suppose we ruled in favor of your client in every way, finding that we had subject matter jurisdiction to hear his 2241 claim, and then ruling in his favor on the merits of the claim. Would you then go back to the would be back to the Eastern District of Texas. We have a claim pending there that preserves this issue. And once there, it is entirely possible, is it not, that Mr. Goski would receive the very same sentence based on the remaining aggravating factors, right? I'm going to resist, gently resist, a premise of the court's question, which is that this court should concern itself at all with what goes on in the district courts outside of its jurisdiction. As Judge Easterbrook remarked in his dissent in Webster, that unseemly spectacle is not one that the court should lightly venture into. We, unlike in all or most of the Davenport cases, are not the party asking this court to do that. Here today, it's the government who is asking the court to reach out and decide issues that are currently pending before the Eastern District of Texas. In Webster, in Judge Easterbrook's dissent, which I think gets this right, it counseled strongly against that approach. So, Judge Rivera, I don't want to not answer your question because I do think, yes, that is certainly possible. But that issue is for the Eastern District of Texas to decide and not this court. If I might return, even if this court were to, well, I think no matter what, you're bound by Rosenbrands. From 1897, you're bound by the National Association of Home Builders. That's a Supreme Court decision from 2007. I think you're bound by Arbaugh. You're bound by Weinberger. There are lots of Supreme Court precedent that cabin your ability to just go back to the start. You can't quite go all the way back to the start. You'll always have those Supreme Court precedents. I'm not talking about setting aside Supreme Court precedents. Sure. I'm sorry, Your Honor. I didn't mean to. I'm talking about ignoring this court's precedents because you can find cases from this circuit pointing in both directions on this question. That's why we permitted the supplemental briefs because we're trying to get to the heart of the question. So perhaps you can just take the heart of the jurisdictional question straight up and argue under current Supreme Court jurisprudence in this area about how to figure out whether Congress has drawn a jurisdictional line or a non-jurisdictional line. Argue your best case. The doctrine of implied repeal is current Supreme Court precedent. That is current Supreme Court precedent. But even if you don't buy the doctrine of implied repeal, start with the text. It has nothing in it that says anything about jurisdiction or power or acts. Well, doesn't it say an application for a writ habeas corpus shall not be entertained unless? Correct. So how do you square that with Gonzales when in Gonzales, the court said section 2353 C1, the clear jurisdictional language, unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals. The Supreme Court said that's jurisdictional. That sounds a lot to me like an application for a writ habeas corpus shall not be entertained unless. An appeal may not be taken, I think is clear. Here's the problem with shall not be entertained. There's at least three or four of them. In Wong, the Supreme Court instructs this court to use tools of statutory interpretation to understand 2255 E. The word entertain happens to appear throughout statutes around 2255 E. It appears in 2241 D, which is, quote, so clearly a venue provision that it renders other sections of 2241 D unintelligible interpreted any other way. So if entertain, the verb, can be used in a venue provision just a couple of statutes down, it is far from clear that it is being used in a jurisdictional sense in 2255 E. There are still more reasons. When 2255 E was passed, and I think this is really important, the Supreme Court in Jones said that a page of history is worth a volume of logic. When 2255 E was passed, that was where the statute ended. In 1948, there was nothing else. It stopped right there. As best we can tell, for 48 years, nobody questioned that it was a venue provision. It was only after EDPA tacked on a couple of extra requirements towards the end of 2255 that people started thinking it might be anything else. The Supreme Court rejected a very similar argument in Jones, calling it a, quote, Rube Goldberg contrivance. Shall not be entertained at the time 2255 E was passed in 1948 was also used in connection with venue provisions. We've cited cases from 1963, that's the Supreme Court's decision in 1951, just three years after 2255 E was passed, in which it said venue to entertain an action. The problem for the government is that as the Supreme Court held in Boakler in 2022, if a statute is reasonably interpretable as having more than one meaning, and one of them is non-jurisdictional, then it is not a clearly jurisdictional statute. So I think the phrase in Gonzalez, which, Your Honor, you brought up, it's just different. Shall not be entertained is not clearly jurisdiction. Your Honors, if I might address waiver and forfeiture, unless the court has any more questions about jurisdiction. I certainly have a lot of thoughts about jurisdiction. Because that in Jones, the Supreme Court explicitly abrogated Davenport and its progeny. I mean, essentially, the Supreme Court said, no, Congress meant to limit successive appeals to two things, new evidence and new constitutional rules. Prisoners cannot use the 2255 E as an end run around Congress's plan to limit successive collateral attacks to those two areas. I mean, it seems to me that the court quite bluntly, clearly stated that the inability of a prisoner with a statutory claim to satisfy those conditions doesn't mean that he can bring his claim in a habeas petition under the Savings Clause. It means that he cannot bring it at all. Well, Your Honor, I agree. There's plenty of emphatic language in Jones. You can't use 2255 E as a workaround or an end run. You can't use it to escape. You can't use it as an exception. You can't use it to render Congress or Edpa curiously self-defeating. But a rule does not become jurisdictional just because there's an exclamation mark at the end of it. The language in Jones is emphatic. I grant you that. But that does not mean it is a jurisdictional opinion. And Arbaugh is clear that unless it discusses the issue, you cannot give it jurisdictional precedential effect. I'd like to speak briefly about waiver and forfeiture. Two observations, quickly. Look, either the government knew or it didn't know that 2255 E was a venue provision. If it knew, there were strategic reasons to not raise it. A dismissal on the jurisdictional or the merits-based grounds would have ended the case. But an improper venue defense meant we could have remedied the problem with transfer. And the case would have continued in the Western District of Missouri with our original filing date. I don't know if they knew, but if they knew, there were strategic reasons to stay silent. In the alternative, if they did not know, that 2255 E was a venue provision, and there is support in the record for this, when we filed our supplemental brief, coming up on the 30-day deadline for the government's response, in a motion for extension of time, the government wrote, quote, given the novelty of Agoskey's venue argument, undersigned counsel requires additional time to research the law and consult with colleagues. That certainly doesn't sound like they knew that 2255 E was a venue provision when we were in the district court. And that means it is sitting here today asking this court to find that it successfully raised a defense that it did not know existed at the time. The government cited 2255 E, and the district court issued an order to show cause why the 2241 petition should not be dismissed for lack of jurisdiction. So I'm a little baffled by the waiver argument. Waiver in particular or forfeiture? Either one. Once the government invokes 2255 E, and the district court issues an order to show cause regarding a jurisdictional dismissal, it seems like the issue is squarely teed up in which issue? The 2255 issue is squarely teed up that you can't use 2241. So, if I might. There's no saving clause escape hatch here. Once those provisions are cited, and the district court is taking the initiative on its own to respond to the issue in order to show cause, it seems to me that the issue is before the district court adequately, and it's before us adequately. I think the key is which issue. Imagine if a litigant in a civil litigation says, we move to dismiss under Rule 12B. And everyone goes, 12B1, 12B2, 12B6, which one do you mean? And they say at the end, don't worry, we seek a dismissal on the merits, quote, from the government's brief in the district court. Surely 2255 E was cited. But it supports three different defenses in the government's position. It's a subject matter jurisdiction provision, it's a venue provision, and it's a merits-based provision. All three. That means that the only thing we could possibly have done in a footnote that acknowledged its position was currently foreclosed by circuit precedent was address all three and didn't even claim it. Well, again, nothing was foreclosed by circuit precedent because there's cases that can support either side about the nature of this provision. At the time the government's petition was filed, Davenport and Webster were binding. And in a footnote it said, we acknowledge. On the remedial question, about the question of whether it's a jurisdictional provision or a non-jurisdictional provision, we've got case law that conflicts. But the only issue that matters, the only issue that matters is venue. If we agree that 2255 E is a venue provision, they had to give us a meaningful opportunity to understand that their problem with our petition could have been fixed if we simply transferred venue. That idea is perfectly absent from what they filed in their brief. And as the government cites Eaglin, be well-born, it's a Seventh Circuit case for the idea that it can bring up a Teague argument that it forfeited in the district court. This is what the court said in Eaglin. It would be unreasonable and a burden on the courts to require a party to anticipate all the new grounds that his opponent might present on appeal and to contest each of them in the case that might never be. That's the position a ruling would put us in if the government, if you find that the government did not waive or forfeit this defense. It cited a single statute that supported three different affirmative defenses. It was not our obligation to pull the gold coin from the bucket of mud and decide which of those three was actually the proper defense. Those rules, the Hoos rules, they protect the court because otherwise litigants will always be changing their positions and you won't have district court orders to rely on. The government has to be held to the arguments they make in the district court and look at footnote four in the only document they filed, the entirety of the district court proceedings. That's it. It did not give us a meaningful opportunity to understand that we could have fixed the problem with a transfer. And now three years later, having litigated this case in this venue, I believe it is too late to try and fix that. If there are any more questions on waiver and forfeiture, I'd like to get to the Borden question if I can. Sorry to move on a little quickly. I don't want to cut off the court if there are more questions, but I would like to reach Borden if we can. Judge Rovner, were there more questions? I want to hear you. All right. I'll keep trying to speak up. No, I can hear you. I mean, I want to hear you speak. Consistent with Carter, courts in the Eighth Circuit have held for more than 20 years that a defendant can violate 2113A recklessly. Although the Eighth Circuit first recognized this aspect of federal bank robbery in Yackel, and though that case also demonstrates how 2113A can be committed recklessly, I'd ask the court to consider the facts of Bartolotta. That's a case that's cited and discussed in Caldwell for the observation that bank robberies can be committed recklessly and have been committed recklessly in the Eighth Circuit. In Bartolotta, the teller was in on the robbery. She started out a part of the team and only spoke to Guy A. Guy A went to Guy B and said, hey, don't worry. The teller's in on it. Pass her a note that says we have a bomb. She won't be scared. She'll give us cash. We'll split it later. Well, Guy A forgets to tell the teller that it's not going to be him who pulls up to pass the note. So when Guy B shows up to pass the note, the teller gets scared, and she thinks, wait, is this the bank robbery that I agreed to? Guy C, who is watching from a safe distance, gets convicted of 2113A robbery in the Eighth  He did not purposefully intimidate that teller. He did not knowingly intimidate that bank teller. He probably recklessly intimidated her. I don't think there's any way you can agree to rob a bank with two people like Guy A and B and not have done something reckless. Regardless of the factual question as to whether or not bank robbery can and has been committed recklessly in the Eighth Circuit, Yackel says whether the defendant intended to intimidate is irrelevant. It plays no part in the court's consideration. A few observations about the government's divisibility arguments. They miss the mark in two ways. First, just because a statute describes more than two crimes, sorry, two or more crimes, does not mean that the court can consider the Shepard documents. One of those crimes has to be violent, and one of those crimes has to be nonviolent. That's what the Supreme Court observed in Mathis. It said one of these crimes is more serious than the other. Therefore, we may look to the Shepard documents. This court also reached the same holdings in Taylor, that's 630F3629, and McDonald. That's the first problem with the government's mistake. You have to consider whether bank robbery by extortion is also a crime of violence. Everyone, we believe that 213A is not divisible, but even if it is, it's divisible at most, according to the government, between by force and violence, comma, or intimidation, that's your one crime, and the other one is by extortion. Taking or obtaining, I believe, is the verb. If that's true, the court cannot look at the Shepard documents until it has assured itself that both, that one of them is a crime of violence and one of them is not, because otherwise it doesn't matter. If they're both not crimes of violence, there's no point to looking to see which one he was convicted of. In Valdez, cited in our briefing, the Tenth Circuit, I believe, found that bank robbery by extortion is not a crime of violence, and that we think that reasoning is persuasive. So that's the first problem with the government's divisibility. There's a second problem, which is that in Shepard and Mathis, and I believe Deskamp's as well, as well as this court's decision again in McDonald, which is 592 F3808, the court said you can look at the Shepard documents, but only to determine whether the generic underlying crime is at issue. You don't get to stop there. What the government asks you to do is look at the jury instructions and see that they say by force and violence, and just stop. This isn't a generic crime case. It's an elements case. That's true, but the same approach applies. The categorical approach asks about the crime in the abstract. And Carter tells us what that intent element means. So to the extent that the Eighth Circuit is agnostic on that question, we apply the Supreme Court's decision in Carter. However, here's why Carter doesn't answer the question. In Carter, he asks for a lesser included instruction on 2113B. So the question before the court is, does 2113B require anything that 2113A doesn't require? And it says, yes, it does. It requires the specific intent to steal. Carter then says, okay, I think 2113A imports the common law's understanding of robbery, which also required intent to steal. And the Supreme Court says no. Congress did not include intent to steal in the language in 2113A. It's not there. So we will read into the statute the absolute minimum mens rea requirement possible in order to avoid criminalizing perfectly innocent conduct. Here is perfectly innocent conduct. Here is bank robbery. There is nothing between them. So first, as a logical observation, if any crime cannot be a crime of violence based on the state of mind of the person who perpetrates it, I think a general intent crime has to be one. And that's precisely what the Eleventh Circuit ruled in Summers, cited in one of our 28J letters. They said, Borden does not include the word specific intent. We must read into its absence of that phrase the belief that those concepts are not helpful. So you're arguing that our decisions in Beverly, Williams, and Campbell were wrong. No, Your Honor. We're arguing that the Eighth Circuit's interpretation governs. Its interpretation of Carter has been that the state of mind is irrelevant. Whether the defendant intended in Williams, as this court noted in Beverly, by including the emphasis on the word intentional. The Seventh Circuit requires more. In the Eighth Circuit, intention is perfectly irrelevant, which means that people have and continue, it is perfectly possible, to violate 2113A recklessly. And because it can be violated recklessly in the Eighth Circuit, It's not coherent to argue that one circuit has a different intent requirement than another. The statute says what it says. It means what it means. Carter tells us what the intent requirement is. End of inquiry. If the Eighth Circuit has some other understanding, we have to apply what the Supreme Court's understanding is. Not what the Eighth Circuit confusion is. There's cases that are all over the map in the Eighth Circuit. It's not consistent. This question came up in Chazen. And Justice Barrett, now Justice Barrett, then Judge Amy Coney Barrett, they were presented with the question, when you are deciding this issue, which circuit's rule should apply? And Justice Barrett thought that it did disservice to the text of 2255E to apply any circuit's law other than the circuit of conviction. And so perhaps, look, I think the Supreme Court would acknowledge that occasionally the circuits reach different interpretations of things. There are splits. And in this case, the Eighth Circuit's interpretation is the one that governs. And it says negligent, it is irrelevant whether the defendant intended. Right. And one of the byproducts of Jones v. Hendricks is that that choice of law question that so vexed the court in Chazen and led to Justice Barrett's then Judge Barrett's concurring opinion just evaporates. It's no longer a problem. Especially if 2255E is jurisdictional. It's a jurisdiction allocation provision. I know there's a lot of language that refers to it as a venue provision, but it really is better understood, in my view, as a jurisdiction allocation provision. Jurisdiction over habeas is generally provided in some of the general statutes, but 2255 working in tandem with 2241 allocates a very limited subset of habeas to the court of confinement. Everything else goes to the court of conviction and is subject to the time limits and the successive limits in 2255. If you're going to rule there, so in addition to overruling Harris, in addition to overruling Moore, in addition to overruling implicitly Brown, Rios and Chazen. A whole bunch of cases. I grant you that. If you do the last thing, you're also going to have to overrule Collins v. Halenka, and that's going to present a different problem for the court. In Inree Hall, this court said that just because of perceived inconsistencies among Supreme Court decisions, we do not get a green light to pick and choose among what binding Supreme Court precedent we want to follow until the Supreme Court explicitly overrules one of its prior cases we're bound by. I'm not talking about overruling Supreme Court cases. I'm talking about overruling ours. But the problem with Collins v. Halenka is that it says the second and successive rules from 2255H do not apply to 2241 proceedings because of Felker v. Turpin, which is a Supreme Court case from the 1990s, late 1990s, which Jones cites approvingly. So in order to overturn Collins v. Halenka and find that 2255H applies to Mr. Agafsky's 2241 petition, I think the court also has to overrule Inree Hall and say that we can pick and choose among which Supreme Court precedents because of perceived inconsistencies. I see that my time is up. I'll yield the seven minutes. May I ask one question, please? In Johnson v. Mississippi, where I thought you might be going, the conviction for the underlying crime that served to support the death penalty was reversed, of course, by a state court because of a claim of actual innocence. He had falsely contested. In this case, Agafsky doesn't argue, at least not here, that he did not commit the bank robbery, only that it is not categorically a crime of violence. Do you think that that would be a material difference between Johnson and this case? No, Your Honor, I don't. And I would refer the court to the Court of Appeals published opinion in Johnson v. Mississippi. It's cited in the Supreme Court decision. What the Court of Appeals in New York did, in the government's analogy, this court is the Court of Appeals in New York. It's not the Supreme Court of Mississippi. Some of its briefings suggest that. This is the court overturning the aggravator, not the death sentence. The Court of Appeals said, look, technically, this petition is procedurally barred. It's late. But given the, quote, special circumstances, which was that the conviction was used as an aggravator in a death penalty case, the Court of Appeals decided to reach the underlying issue. And I think that's precisely what the court should do here. I don't think it makes a difference between actual innocence or Mr. Agafsky's case and invalidated conviction by board. Thank you, Judge Rivner. I'll yield my time. Thank you. Mr. Hurst. May it please the Court, Ben Hurst for the appellee, Warden Stephen Marendino. I think the district court correctly applied the unequivocal holding of Jones. Federal prisoners cannot raise statutory challenges to their sentences in petitions for habeas corpus under Section 2241. My friend started his argument by kind of dividing the steps that were required for him to succeed. I also divided them. I think I maybe divided them slightly differently, but I'll lay them out here. First, he argues that the Eighth Amendment guarantees him a procedural avenue to challenge the Section 924C conviction and that, therefore, the second and successive bar of 2255H is unconstitutional. That's not something we really talked about today, but I've got a few thoughts on that. Second, that the unconstitutionality of Section 2255H renders all of Section 2255 inadequate or ineffective for purposes of E, and, therefore, he can go forward in Section 2241. Third, that there's a claim on the merits that's successful. Mr. Hurst, before you go to three, please, can we decide this case without deciding whether 2255H speaks to subject matter jurisdiction or to venue? I think you can. I think the court probably should reach that question. I don't think that question is determinative of the result of the case, and I'm happy to discuss why. The question of whether E is jurisdictional matters for purposes of the resolution of the case. Should it be dismissed with prejudice? Should it be dismissed without prejudice, regardless if you set aside the question of waiver? That's Prevot or Murlock. If this court were to conclude, it's actually not jurisdictional, but he still can't make his way through this kind of wickets that he's got to get through, then the proper result is you send it back to the district court. You say, we affirm your ruling, but we instruct you to dismiss with prejudice because Jones doesn't permit you to bring this claim here. You can affirm on that ground, and I think that would be appropriate. We actually think that Section 2255E is jurisdictional, so it doesn't matter whether there is a question of waiver or not. I've got thoughts on the question of waiver and forfeiture, and I'll turn to that now. Let me back up one further step on this venue and jurisdictional question, kind of untangle some things that I think are a little conflated in my friend's briefing. There's really three provisions at issue here. 2241 venue is provided by the court of confinement. That's Moore. That's Rumsfeld. That's not something that is in any kind of dispute here. If this is really a 2241, it was in the right place. 2255A says if you want to challenge your conviction or sentence on the statutory constitutional ground and you're a federal prisoner, you go to the court of sentencing. That's a venue provision for 2255A. But 2255E is something different. What 2255E says is, Habeas petitions from federal prisoners shall not be entertained unless the prisoner can meet the exception to 2255 that's set forth in E as Jones has interpreted it. Good time credits, parole, the court has been extinguished because it's a court martial or something. Those are the exceptions that apply. 2255E doesn't say anything about which court it has to go to. What 2255E says is no court can hear a habeas petition. I think one way to think about this and kind of clear up this confusion is imagine that Agofsky had actually been convicted in the Southern District of Indiana. So it happens to be his court of conviction and his court of sentencing are the same court. He files this lawsuit, this petition, in the Southern District of Indiana. Well, it's correct, right? That's the right venue for 2241 petition. Happens to be the right venue also for 2255. But the court can't consider it because section 2255E says shall not be entertained. It does not matter that it was in the right venue for 2241 and 2255 because it's barred by section 2255E. If you think about it that way, it makes clear that what we're dealing with here is not a venue provision. It's clearly something else. And this court got it right. It says Hogshead says Jones holds this is a subject matter jurisdiction provision. Now, Jones got there by affirming the Eighth Circuit's holding that, affirming the district court in Arkansas' holding, dismissing a petition there for lack of subject matter jurisdiction. This court took that and said, look, that plus a lot of language in Jones that says, first and foremost, these kinds of claims shall not be entertained. This is obviously a jurisdictional provision. It tells the court what it cannot do. It cannot entertain a habeas provision or a habeas petition from a federal prisoner unless the exceptions from Jones apply. So we think Hogshead, we think Fields more recently, we think those are the correct interpretations of Jones. We think Jones is consistent with the line of Supreme Court precedent that instructs this court. Look, we can't call everything jurisdictional. Certain things are obviously claim processing rules. It's a time bar. It's probably a claim processing rule. But here we have 2255H. It's really a partial jurisdictional ouster because it preserves the 2255 remedy in the sentencing court to the extent that it applies. In other words, if the prisoner has not yet filed a 2255 and the time is still running in which to do so and files a 2241, it could be in the court of confinement. It could be transferred to the court of conviction, recharacterized as a first 2255 and entertained by that court because that court has jurisdiction to hear a first 2255. And that court also, even if it's not a first, if it's a second or successive, has jurisdiction to consider a second or successive, provided a CA has been granted by the court of appeals. So there's additional procedural hoops that need to be jumped through. So it's a partial jurisdictional ouster. I agree with that, Your Honor. I would add one thing, and I think it is relevant to some arguments I heard previously. Collins v. Halenka says, well, we have to honor what the prisoner chose. And I think it makes it difficult to say, well, we could have just transferred it. I don't think Collins v. Halenka actually permits that. It says if the prisoner picks 2241 and the prisoner is barred because 2255E says no consideration of habeas petitions, then that's just the prisoner's, you know, that's a litigation decision that was made. But I don't know that the court actually permits transfer over to the Western District of Missouri for that. So the government takes the position that it requires dismissal, and if there's still time left for a first 2255, the prisoner can refile. I think that's probably correct based on Collins v. Halenka. I don't know that – it's just the way I read it. I don't think it matters for this case. I don't know that the court needs to take a strong position on that one way or the other. But that was my only kind of caveat to Your Honor's explanation. Right, but we're trying to understand what 2255E is. Most other circuits treat it as jurisdictional. Jones treated it as jurisdictional. We're an outlier. We have to figure out whether we should reconsider our position. I would frame it slightly differently, Your Honor. I think that the court has already reconsidered its position. In Hogshead, it says Jones tells us this is a subject matter jurisdiction provision. I grant that this is not a lengthy explication the way you might have seen in Harrison and others. But it was absolutely necessary to the resolution of that case because the district court previously, pre-Jones, had dismissed it on the merits, and the court said, well, that was wrong. You needed to dismiss it without prejudice because it's a subject matter jurisdiction. I take it if that were inconsistent with Supreme Court precedent, if that were inconsistent with Jones, fine. We would maybe not consider that a binding precedent for this court's resolution. But it's absolutely consistent with Jones. But there was no discussion of Harrison. None of our inconsistent case law was overruled under Circuit Rule 40E. We've got some cleanup work to do, at the very least. Fair enough, Your Honor. And we have an opportunity in this case. And I think that goes to Judge Roebner's question. Could you get through this case without having to resolve this question? I don't think you need it to decide whether to reverse or affirm. But you probably do need it to decide whether the characterization with or without prejudice was correct. Have you had an opportunity to read fields? Yes, Your Honor. Yes, Your Honor. We submitted that on a more recent 28-J letter. And we think that case is correctly decided as well. And it just takes what Jones says and puts it into action. I don't know. The court could certainly go further than that. And we've laid that out in our brief, how to get there. But that's a very good starting plate. You're already on the five-yard line. So. You know, reading your brief, is it your position that there is no statutory change that could ever be used to challenge a death sentence in a Section 2255 action? Your Honor, I could hypothesize a circumstance where you could meet 2255H. Let me give you this example, Your Honor. In this case, after Davis, Agofsky had a way through 2255H, through H2. He had a retroactive constitutional change from the Supreme Court. He filed that in a circuit seeking permission to file a second or successive. And part of the argument there was, well, OK. So bank robbery doesn't meet under the residual clause anymore because of Davis. That was his way through. And bank robbery can't meet under the force clause because it can be committed negligently or recklessly. Well, that's an opportunity where a statutory change, if things had come a little bit differently, you could find yourself litigating that. Certainly, Felker, as was cited up here previously, Lee holds that second or successive bars aren't the only way. They're not a suspension on the writ of habeas corpus because there are alternatives. There's always executive clemency. There are other ways. So certainly, those are ways where a statutory change could get you an opportunity for relief. You could find, I mean, Johnson is an example where there was not a procedural bar. So a statutory change arising in that circumstance could give you an opportunity for relief. But is there a constitutional obligation or constitutional prohibition that prohibits Congress from limiting second or successive claims based on statutory changes? No, we don't think so. And we think that's consistent with Herrera. It's consistent with Felker. There are a number of cases from other circuits that have reached that conclusion that we've put in our brief. We don't think that, I mean, that was not discussed at all earlier in this argument. And so I think that we would be OK with that. It's not a suspension. There are other alternatives. But as for a way around 2255H, it's not going to cut the mustard. Certainly, Congress could write that in. But it's not, if it doesn't want to, if it chooses finality over error correction, that is constitutionally permissible. I'd like to turn very briefly, since the court has additional questions on that, to the question of waiver. I think you don't need to look further than the district court's ruling. The district court absolutely just resolved this case on 2255E. I read a case that says, well, yeah, but if you resolve that on 2255E, but you don't call it jurisdiction, if you don't call it venue, then it doesn't matter. So it never happened. That's not how this works. This isn't like there are three or four different places where the court had to go. We pointed the court to the right place. The court invoked Jones. We were clearly talking about 2255E in the district court's ruling. That is absolutely passed upon. It's absolutely in front of this court. It's just hard to even fathom. And frankly, it's hard to imagine that a rule that required such a precise invocation of the objection that you were making would, I'm a government attorney as an appellee most of the time. We'd probably love a rule like that, but that's just not the way it works. The district court passed on it. We put it in our opening brief, even though it didn't matter. We said, for purposes of further review, we don't think 2255E permits this suit. We gave the court, we cited Jones in the Eighth Circuit. We cited McCarthin and Prost. Those are all cases that put the court on notice about exactly what we thought the rules were and certainly put Agofsky on notice. I mean, the reason that we are here is because the second and successive bar stops at this exact. That's why we're here. We're here because Davenport, at the time, permitted this suit. It doesn't anymore. I just . . . Why do you think the district court dismissed this case without prejudice? I know it's unbalanced, but you'll probably . . . No, I'm sorry, Your Honor. I missed the very . . . There was a cutout or something. I didn't hear the first part of your question. Yeah. Why do you think the district court dismissed this case without prejudice? Yes, Your Honor. Following Hogsett, Hogsett says that's the proper resolution, and it's consistent with Prevost, which was working the other way. It says when you don't have subject matter jurisdiction, you dismiss without prejudice. I think that was correct. I think the court was just . . . I mean, it is, in some sense, it's a little bit tricky to be the district court in this case. What was it supposed to do with it after Hogsett came out? It just followed Hogsett. I mean, that's how we got to be where we are. I do want to highlight one thing I don't think was fully fleshed out after our opening brief, and I think could give this case . . . a court kind of a way to think about this without having to deal with some of the trickier Eighth Amendment claims. As I see the argument the defendant is making here, or petitioner is making, the Eighth Amendment guarantees him a procedural avenue. Section 2255H is unconstitutional, and therefore 2255E . . . or 2255, it's . . . 2255 is inadequate or ineffective under E, and 3, the merits. That second prong is almost dispositive. In fact, we think it is dispositive of this case because of Footnote 5 in Jones. What Footnote 5 says, or the necessary implication of Footnote 5, is if you want to challenge the constitutionality of Section 2255H, you really need to go to the court where your Section 2255 would be pending or would be heard. And so, what really should happen is that this court could just affirm on that basis. It doesn't need to reach the Eighth Amendment claim. It can resolve this jurisdictional claim, but it doesn't really need to reach the Eighth Amendment claim and just say, hey, if you've got an Eighth Amendment claim, Footnote 5 says that claim should be heard where your 2255 would be heard. If you're successful, you don't get to 2241. What you get is an opportunity to bring your second and successive 2255 back in the Western District of Missouri. And so, there's no real reason for the court to wade into the Eighth Amendment question. We certainly think that we have a strong position on that and we think that the law is with us, but if the court doesn't want to go create law on that, there's no real reason to. I think it really should be presented to the court that would enforce the bar that he thinks is unconstitutional. I guess I'll turn to the merits now. I think we spent more time talking about that earlier. Suppose we were to say that federal bank robbery was not, in fact, a crime of violence. Are the remaining three aggravating factors sufficient to support the death sentence? Well, I'm going to back up one step. I think the answer to your question is yes, Your Honor, but I'm actually going to back up one step beyond that. The aggravator in question was not, has he been convicted of a 924C? The aggravator was, has he been convicted of a felony involving the attempt to use or threaten the use of a firearm? In one way, this is different than Johnson v. Mississippi. There, the court says the only evidence of the aggravator is the conviction, or wasn't the conviction. It was a detention record or something. Here, the 924C conviction was entered. It absolutely was. It's conclusive proof of that aggravator, but we also introduced evidence that he robbed a bank using a firearm. Robbing a bank he was convicted of, that's a felony, and used a firearm to do so. So to start with your question, Your Honor, even if you invalidated the 924C, we don't think that there's any problem with the aggravator. The aggravator is fine because there were alternative ways for the jury to get to that question. I'll just take a small digression to say there's a lot of argument in the original reply brief that, well, we're not doing post-conviction. What we're doing is trial reliability and trial fact-finding. But this is not actually about anything that Agofsky did. We're doing categorical approach in his underlying claim. He's not saying, I'm innocent of bank robbery. I'm innocent of using a gun during a bank robbery. What he's saying is someone else might have recklessly committed a bank robbery somewhere else, hypothetically, maybe, and therefore my conviction doesn't count. But that's not what the jury was asked to find. What the jury was asked to find was did this person, he had a felony conviction that involved the use, attempted use of threat, and use of a firearm. It's not a categorical question. It's a question of actual facts. But the reliability of that question is not in doubt. So turning from is the aggravator in doubt, we'd say no because even if the conviction goes away, the aggravator's fine. But even if the aggravator goes away, there are three other statutory aggravators. We only need one to make him eligible. That's what Zayant says. And Brown says as long as the evidence in support of the aggravator was considered by the jury, there's no problem there either. Well, this evidence, it was all one set of events. He kidnapped the bank president, went to the bank, used a firearm, took the bank president, and murdered him by tying him to a chain hoist and throwing him into a lake. All of that was presented to the capital sentencing jury. So that evidence of his use of the firearm during the bank robbery was relevant to the aggravator involving commission of a felony that resulted in death. And it was relevant to a non-statutory aggravating factor about presenting a future danger to the public. So the answer to your question is, Your Honor, the aggravator would be fine. The sentencing conviction would be fine. And I think while we do think there's a little bit of discussion in the reply brief about how we're on both sides of this issue, certainly that's all of the ultimate issues. Discussion of whether the death sentence should stand is a question that really could be just saved for the Eastern District of Texas if we ever get that far. But I still think these kind of prejudice questions are relevant to this court to say, well, look, are we going to find an Eighth Amendment right to raise this claim when we can look at the claim and see that there's absolutely nothing to it? And it wouldn't matter to the ultimate sentence. And this is not maybe a case where the court needs to step out on that question. I'm turning to the merits. I think it's actually much less complicated than you might get the impression from reviewing some of the briefs. This court in Bevely took Section 2113A, bank robbery, and considered whether that was still a crime of violence after Borden. The answer is yes. You cannot negligently or recklessly rob a bank. There's a lot of discussion about choice of law. I think the right way to think about that is what this court said in Roberts. It said, we're not really doing choice of law. This isn't two states with two totally different bodies of law and two state Supreme Courts and two different. These are all federal statutes. We're dealing with what the Supreme Court said. We have a Supreme Court case that says what the mens rea is in this case. And this court did an interpretation. Even if you accept that it is somehow not binding on this court, it is highly persuasive for what the Eighth Circuit would do if presented this question. I would just point out that, I mean, Yackel is just recapitulation of Carter. And the court has subsequently rejected the claim that bank robbery can be committed recklessly or negligently in Estelle. So there's not even an Eighth Circuit argument to be had. But I would say that Bevely is the best prediction about what the Eighth Circuit would do with this case. One additional point on that, I don't see any briefing about this. This is also a conviction for robbery by forced accompaniment here. Because there was a forced accompaniment of the bank president during the robbery. At the very least, even if you could recklessly or negligently rob a bank under Q113A, there is no possible conceivable way to recklessly or negligently force someone to accompany you during a bank robbery. So after everything, at the very bottom, there's no way to find that Borden impacts that 2113E conviction at all.  There was a sort of suggestion that there were strategic reasons not to raise venue below. I just want to clear that up. We never thought that this was venue. We thought that the court of appeals, or that the district court correctly asked whether there was subject matter jurisdiction, correctly got rid of it for subject matter jurisdiction. Venue, as I described, 2255A, 2241, but 2255E is something different. It is, as the court described, a partial jurisdictional provision, certainly a jurisdiction restriction that absolutely applied to the court below. So there's absolutely no strategic. We would always have preferred for this case to be litigated as a second and successive request in front of the Eighth Circuit. And that's where it belonged. And we don't think it was meritorious, but we absolutely think that's where it belonged. I have additional material prepared. I'm happy to talk about the Eighth Amendment or other questions that the court has. But at this point, I'm also just prepared to rest on my briefs. Thank you. Thank you, Your Honor. Mr. Welch, your time has expired, but I'll give you some more time for rebuttal. Thank you, Your Honor. I'm sorry. There must have been a miscommunication with the court. What I should have reserved at the start, I think, was my mistake. I'm sorry. Just a couple quick closing thoughts. 2113E, raised at the end of the government's argument, contains no different mens rea requirement from 2113A. 2113E includes kills and forces accompaniment. And courts have found that the inclusion of the word kills was an intentional move on Congress to move away from the mens rea of murder. Under the doctrine of interpretation of nascitura socius, a word by the company that keeps, I think that forces can also be read, should be read, plainly as read, as not having a separate mens rea requirement, which means if the underlying crime can be convicted recklessly, so can 2113E. It's been described as a sentencing enhancement. It's just a thing that gets tacked on. It has nothing to do with what the underlying conduct, the defendant's mens rea in the underlying state was. Collins v. Halenka, briefly, there was some confusion about whether or not the petition could be recharacterized and transferred. In Castro, that's a Supreme Court decision from 2004, Justice Breyer said for these kinds of petitions, they may be recharacterized, but only with the petitioner's consent. To the degree there's some confusion about whether the transfer could have or would have gone forward, had we consented, it would have. The categorical approach, the violence of the underlying crimes, I share the discomfort with the idea of the violence underlying these crimes. The Supreme Court shares its discomfort. But the Supreme Court has also said that there is something more important, which is fidelity to what Congress wrote, faithfully applying the statutes as they are written, and doing so, the Supreme Court has said, those facts are, quote, irrelevant. Final thought. I tried to give the court some tools of statutory interpretation to make sense of 2255. There's the presumption against implied appeal, which I continue to believe flatly decides the issue. There's the presumption of consistent usage, which says that entertain must mean the same thing that it means in its neighboring statutes. So you have two sections above. It says entertain and determine. How can entertain mean to determine a case, the key word used to decide jurisdiction, if there's an and between the two? That's the presumption against surplusage. Justice Scalia says, look to the text. I've given the court an originalism argument. You have to interpret the statute, what it meant. In 1948, circuit court decisions shall not be entertained, also described venue provisions. So even if none of those move you, I hope that you'll take into consideration our Eighth Amendment argument, which remains. You still have to decide the Eighth Amendment argument, even if you decide it's non-jurisdictional. The observation that death is different, it is uniquely degrading to human dignity. That's a quote from the Supreme Court. And I ask the court to take that into consideration in addition to the rules of statutory interpretation that we provide. Thank you. Thank you very much. Our thanks to all counsel. We'll take the case under advisement. And thanks to everyone for very thorough and comprehensive and excellent briefing in this difficult case. Courts in recess.